Lawrence James Danner, Appellant *v.* Bristol Township Civil Service Commission, Appellee.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Francis J. Sullivan, Jackson, Sullivan & Beckert,* for appellant.

*Leonard Sokolove,* with him, *Clyde W. Waite,* for appellee.

OPINION BY JUDGE MENCER, February 5, 1982:

Lawrence James Danner (petitioner) has appealed from a decision of the Court of Common Pleas of Bucks County which affirmed his suspension and subsequent dismissal from the Bristol Township Police Department by the Bristol Township Civil Service Commission (Commission). We vacate and remand.

The petitioner was arrested on Friday, July 13, 1973, while off duty and not in uniform, and charged with various criminal offenses arising out of his management of a "luncheonette" which was in dire financial straights. These criminal charges involved various allegations of fraud. As a result, the petitioner was suspended from the police force on July 17, 1973. This suspension was appealed to the Commission, but the appeal was continued pending disposition of the criminal charges.

On July 10, 1974, the petitioner was notified that he was dismissed from the police force, effective July 12, 1974, because of the July 13, 1973 arrest. The peti-

tioner appealed his dismissal to the Commission, and the matter was consolidated for hearing with the suspension appeal. The criminal charges were later dropped, and the Commission subsequently conducted hearings of the two appeals on March 10, 17, 18, and 22 and April 1, 1975.

The Commission made only the following four findings of fact in its adjudication:

1. Appellant was arrested while off duty and not in uniform.

2. There was no evidence that the arrest was the result of any improper motive.

3. There was no attempt to determine whether appellant committed any criminal violation.

4. Each of the eight alleged violations for which appellant was arrested constituted a separate offense.

Based upon these findings, the Commission concluded that the petitioner was properly suspended and dismissed for "conduct unbecoming an officer," as set forth in Section 644 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* added by Section 20 of the Act of May 27, 1949, P.L. 1955, 53 P.S. §55644.[1]

---

[1] Section 644 provides, in pertinent part:

No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violation of any law of this Commonwealth which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty; (6) engaging or participating in

The petitioner raises three challenges in this appeal. First, he contends that he was not given adequate notice of the charges against him. Second, he contends that the Commission lacked sufficient evidence to support its decision. Third, he contends that the Commission exceeded its authority in sustaining a suspension in excess of 30 days on the basis of the charges against him.

## I. Adequacy of Notice

Section 644 requires that "[a] written statement of any charges made against any person [employed in any police or fire force of any township] shall be furnished to such person within five days after the same are filed with the commission." This notice must be sufficient to fully advise the officer of the charges against him, as well as the time when his conduct was in question. *Township of Upper Moreland v. Mallon,* 9 Pa. Commonwealth Ct. 618, 309 A.2d 273 (1973).

In the present case, the Chief of Police sent a letter to the petitioner on July 17, 1973, which informed the petitioner that he was being suspended from the force for a period of 364 days for violation of Article II, Section 2.07 of the Disciplinary Code of Bristol Township, adopted by Ordinance No. 612, enacted August 21, 1968. Section 2.07 sets forth recommended penalties for officers who are "[o]ff duty, not in uniform and arrested." On July 10, 1974, a second letter was sent which informed the petitioner that he was being dismissed because of his violation of Section 2.07.

---

conducting of any political or election campaign otherwise than to exercise his own right of suffrage. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed with the commission.

The shortcomings of these two letters are readily apparent; the mere fact of having been arrested, standing alone, is clearly insufficient to satisfy the requirements of Section 644 for the suspension or dismissal of a police officer. We can conceive of many instances in which a totally innocent person could be erroneously arrested without any improper motivation. It would be incorrect to hold that such an arrest could constitute grounds for suspension or removal.

It is equally apparent, however, that the letters were sufficient to put the petitioner on notice that the conduct set forth in the criminal complaints against him, which were served at the time of arrest, formed the underlying basis for his suspension and subsequent dismissal. This conclusion is reinforced by the petitioner's request to have the Commission continue its appeal hearings until after the disposition of the criminal charges and by his ability to fully and competently defend himself against those charges when the hearings were ultimately conducted. Indeed, the parties stipulated to the arrest at the very beginning of the hearings and devoted the next four evenings of testimony to the question of the conduct which led to that arrest.[2] Therefore, we are satisfied that the notice provided to the petitioner was sufficient in the circumstances of this case to satisfy the requirements set forth in *Upper Moreland.*

## II.  Sufficiency of Evidence

The record contains substantial evidence to support the findings that the petitioner was arrested while off duty and not in uniform and that the arrest was not improperly motivated. These findings, however, do

---

[2] We do not suggest that the petitioner's participation in the hearings constituted a waiver of the notice issue—merely that his ability to participate in a meaningful manner was some indication that the notice was adequate.

not support the conclusion that the petitioner was properly suspended and dismissed for conduct unbecoming an officer.[3]

"Conduct unbecoming an officer" is not expressly defined in Section 644. Our Supreme Court has said that conduct unbecoming an officer is

> any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt. . . . It is sufficient that the complained of conduct and its attending circumstances be such as to offend publicly accepted standards of decency.

*Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959) (decided under a similar provision, Section 5 of the Act of June 27, 1939, P.L. 1207, *as amended,* 53 P.S. §23495, relating to firemen in cities of the second class). The record is replete with testimony which fairly raises the question of the propriety of the petitioner's conduct, but the Commission failed to make any specific findings with regard to that conduct.

Our Supreme Court has also told us:

> When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appelate court or other re-

---

[3] See Part I of this opinion.

viewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level. In cases . . . in which essential findings of fact were not made the case must be remanded so that the findings may be supplied.

*Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975).

In the present case, the issue of the petitioner's conduct which led to his arrest on July 13, 1973 was integral to the Commission's proceedings. Since the Commission failed to make necessary findings of fact regarding that conduct, we must remand the case to the Commission so that the necessary findings may be made.

### III. Length of Suspension

Section 2.07 of the Disciplinary Code recommends a suspension for 15 to 30 days for a first offense.[4] The petitioner contends that, on this basis, the Commission erred, as a matter of law, in sustaining a suspension for 364 days for a violation of Section 2.07. We decline to consider this question at the present time.

Section 645 of The First Class Township Code, added by Section 20 of the Act of May 27, 1949, P.L. 1955, 53 P.S. §55645, provides that

[t]he township commissioners, or the chief of police when the township commissioners are not in session, may suspend any [officer] without pay pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then [he] shall be reinstated with full pay. . . .

---

[4] We decline to consider the question of whether the petitioner was charged with one offense or eight offenses, since we find this issue to be irrelevant to the instant appeal.

If, on remand, the Commissioner makes findings of fact which adequatey support the conclusion of conduct unbecoming an officer and those findings are supported by substantial evidence, then the length of the suspension becomes moot; the suspension from July 17, 1973 until the date of the Commission's adjudication will have been ratified. If, on the other hand, the Commission does not make findings which would support the conclusion of conduct unbecoming an officer or if such findings are made without the support of substantial evidence, then the petitioner will be reinstated with back pay from July 17, 1973, regardless of the length of the prehearing suspension.[5]

Order vacated and case remanded.

### ORDER

AND Now, this 5th day of February, 1982, the order of the Court of Common Pleas of Bucks County, entered May 16, 1979, is vacated, and this case is remanded to said court, with directions to return this case to the Bristol Civil Service Commission so that necessary findings of fact may be made.

Judge PALLADINO did not participate in the decision in this case.

-----

[5] We reiterate that the lengthy delay between the date of suspension and the date of the hearing was due to the *petitioner's* request for a continuance pending the disposition of the criminal charges against him.