Russell Turner, Appellant v. Commonwealth of Pennsylvania, Civil Service Commission, Appellee.

Submitted on briefs April 4, 1983, to Judges BLATT, MacPHAIL and DOYLE, sitting as a panel of three.

*Herbert L. Ocks, Bloom, Ocks and Fisher,* for appellant.

*James K. Grasty,* Assistant City Solicitor, with him, *March Aronchick,* Acting City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, June 20, 1983:

This is an appeal by Russell Turner from an order of the Court of Common Pleas of Philadelphia County which affirmed an adjudication by the Civil Service Commission of the City of Philadelphia (Com-

mission) denying Turner's appeal of his dismissal from the Philadelphia Police Department.

On August 3, 1980, Captain John Reefer of the Philadelphia Police Department observed Turner's patrol car parked unattended and observed Turner, in uniform, standing at the bar inside the Top Shelf Bar. Disciplinary charges relating to the incident were filed and Turner was discharged for conduct unbecoming an officer. At a hearing held before the Commission, testimony was presented that, following the incident, Turner was ordered to the Police Administration Building where he was questioned by Lieutenant Douglas Melanson and given a breathalyzer test. Evidence was also adduced at the hearing that the breathalyzer indicated a blood ethyl alcohol level of 0.22%. Witnesses also testified that Turner was subsequently examined by the Police Surgeon and found to be under the influence of alcohol. On January 13, 1981, the Commission upheld Turner's dismissal. Turner appealed to the court of common pleas which on March 22, 1982 dismissed his appeal in the order appealed here.

Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b) provides that, in appeals of this type
the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

140

Turner contends that the court of common pleas erred as a matter of law in finding that the Commission's decision that Turner was dismissed for just cause was supported by substantial evidence.

Pursuant to Section 754, we find ourselves unable to affirm the Commission and the court of common pleas because the opinion and order filed by the Commission is not in compliance with Section 555 of the Local Agency Law, 2 Pa. C. S. §555. Section 555 provides:

> All adjudications of a local agency shall be in writing, *shall contain findings* and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail. (Emphasis added.)

While the Commission's opinion thoroughly recites the testimony from each of the parties and reviews the applicable law, it then merely concludes that Turner's dismissal was for just cause without any findings regarding which testimony was found credible, which of the Department's charges were found to be substantiated by the evidence, or what facts presented were found to constitute just cause. Absent such necessary findings, we must remand. *Danner v. Bristol Township Civil Service Commission*, 64 Pa. Commonwealth Ct. 470, 440 A.2d 702 (1982).

ORDER

Now, June 20, 1983, the order of the Court of Common Pleas of Philadelphia County in the above referenced matter dated March 2, 1982, is vacated and the matter is remanded to the Civil Service Commission of the City of Philadelphia for findings of fact consistent with Section 555 of the Local Agency Law. Jurisdiction is relinquished.