# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Saturday Family LP,            :
       Petitioner       :
           :
       v.             :    No. 781 F.R. 2013
           :
Commonwealth of Pennsylvania,     :
       Respondent    :
           :
Techspec Inc.,              :
       Petitioner       :
           :
       v.             :    No. 782 F.R. 2013
           :    Argued: September 13, 2016
Commonwealth of Pennsylvania,     :
       Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE P. KEVIN BROBSON, Judge (P.)
                 HONORABLE ANNE E. COVEY, Judge

**OPINION BY JUDGE BROBSON**          **FILED: October 17, 2016**

This matter involves consolidated petitions for review of an order of the Board of Finance and Revenue (Board) filed by Petitioners Saturday Family LP and Techspec Inc. (Techspec) (collectively Taxpayers). By order dated September 25, 2013, the Board denied Taxpayers' separate appeals, seeking a refund of realty transfer taxes paid in connection with a lease of property. At issue in this case is whether the Commonwealth is permitted to impose realty transfer tax on a lease with a primary term of less than 30 years where the lease contains both renewal options at fair market value rent, which if exercised, would extend the term of the lease beyond 30 years, and a provision establishing a method for the

determination of a binding fair market value in the event that the parties are unable to agree to the fair market value. We now reverse the Board's order.

The parties have stipulated to the following facts. On December 28, 2011, Saturday Family LP, as landlord, entered into a ground lease with Techspec, as tenant, for the lease of real property located at 718 Y Street, Derry Township, Westmoreland County, Pennsylvania (the Ground Lease). The initial term of the Ground Lease is 29 years and 11 months. The Ground Lease provides the tenant with the option to renew the term for up to 6 periods of 5 years each, for fair market value rent as determined by the parties at the time of the extension based on rents for similar parcels in Westmoreland County and, if they are unable to agree, by appraisal. A Memorandum of Ground Lease was recorded in the Westmoreland County Office of the Recorder of Deeds on December 29, 2011, along with a Realty Transfer Tax Statement of Value that claimed an exemption from realty transfer tax pursuant to Section 1102-C.3(24) of the Tax Reform Code of 1971 (Tax Code).[1]

On June 1, 2012, the Department of Revenue (Department) issued a Realty Transfer Tax Notice of Determination, assessing $12,455.23 of Pennsylvania state and local realty transfer tax on the Ground Lease.[2] The notice listed the reason for the assessment as: "Lease exceeds 30 years with a formula in place referred to in #8 of memorandum of ground lease." (Stipulation of Parties

---

[1] Act of March 4, 1971, P.L. 6, added by the Act of July 2, 1986, P.L. 318, *as amended*, 72 P.S. § 8102-C.3(24).

[2] The Department assessed $6,162.66 in Pennsylvania realty transfer tax; $3,081.33 in municipality tax (Derry Township); $3,081.33 in school district tax (Derry Area School District); $85.91 in interest; and $44.00 for the county recording fee.

(Stip.) at Ex. "D".) Following the assessment, Taxpayers paid the realty transfer tax in full, and both filed timely refund petitions with the Department's Board of Appeals, requesting that the realty transfer taxes paid by Taxpayers be refunded in full. The Board of Appeals, by order dated February 27, 2013, denied the petitions and sustained the assessments in full.

Taxpayers filed timely appeals to the Board, seeking the same relief. By order dated September 25, 2013, the Board denied the appeals. In so doing, the Board concluded "that as the initial term [of the Ground Lease] and renewals set a term in excess of thirty years, the leases are taxable documents." (Board's opinion and order at 3, attached to Respondent's Br. as Attachment "II".) The Board reasoned that "[t]he renewal periods are included in determining the term of the [Ground] Lease, as the lessor and lessee cannot renegotiate the rental charge unconditionally and the parties may not agree as to the method of computing the fair market value." (*Id.* at 3-4.) Because the term of the Ground Lease is more than 30 years, the Board concluded that the Ground Lease was subject to realty transfer tax pursuant to Section 1102-C of the Tax Code.[3] Taxpayers then separately petitioned this Court for review, and the Court consolidated the appeals.

On appeal,[4] Taxpayers argue that the realty transfer tax regulations prohibit the Commonwealth from including the renewal terms at fair market value

---

[3] Act of March 4, 1971, P.L. 6, added by the Act of May 5, 1981, P.L. 36, *as amended*, 72 P.S. § 8102-C.

[4] Our standard of review in this matter is covered by Rule 1571 of the Pennsylvania Rules of Appellate Procedure. *See* Pa. R.A.P. 1571. "Appeals taken from the Board of Finance and Revenue are *de novo* in nature, with no record being certified by the board." *Tool Sales & Serv. Co. v. Bd. of Fin. & Revenue*, 637 A.2d 607, 610 (Pa. 1993). "Although the Court hears these cases under its appellate jurisdiction, the Court functions essentially as a trial court." *Scott Elec.*
**(Footnote continued on next page…)**

in the term of a lease for purposes of the 30-year test for imposition of realty transfer tax. The Commonwealth argues that the Ground Lease establishes a method for calculating the rental charge for the renewal period, such that the renewal period must be included in the term of the Ground Lease, resulting in a total lease term in excess of 30 years.

At the outset, we note that pursuant to Section 1102-C of the Tax Code, "[e]very person who makes, executes, delivers, accepts or presents for recording any document . . . shall be subject to pay for and in respect to the transaction or any part thereof . . . a State tax at the rate of [1%] of the value of the real estate within this Commonwealth represented by such document." Section 1101-C of the Tax Code[5] defines the term "document," in pertinent part, to include "[a]ny deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate in this Commonwealth." It further defines the term "title to real estate," in part, as

> *any interest in real estate* enduring for a fixed period of years but *which, either by reason of the length of the term or the grant of a right to extend the term by renewal or otherwise, consists of a group of rights approximating those of* an estate in fee simple, life estate or perpetual leasehold, including, without limitation, *a leasehold interest or* possessory interest under a lease or occupancy agreement *for a term of thirty years or more* or a

**(continued…)**

*Co. v. Com.*, 692 A.2d 289, 291 (Pa. Cmwlth. 1997), *exceptions dismissed*, 704 A.2d 205 (Pa. Cmwlth. 1998).

[5] Act of March 4, 1971, P.L. 6, added by the Act of May 5, 1981, P.L. 36, *as amended*, 72 P.S. § 8101-C.

4

leasehold interest or possessory interest in real estate in which the lessee has equity.

Section 1101-C of the Tax Code (emphasis added). Finally, Section 1103-C.1 of the Tax Code[6] provides that "[i]n determining the term of a lease, it shall be presumed that a right or option to renew or extend a lease will be exercised if the rental charge to the lessee is fixed or if a method for calculating the rental charge is established."

The Department's regulation pertaining to exclusions from realty transfer tax similarly provides that a real estate lease is excluded from the realty transfer tax unless the lease is for a term of 30 or more years. 61 Pa. Code § 91.193(b)(24)(i). It also provides:

> In determining the term of a lease under this paragraph, it shall be presumed that a right or option to renew or extend a lease will be exercised if the lessor and lessee cannot renegotiate the rental charges for the renewal or extension period unconditionally. A lessor and lessee cannot renegotiate a rental charge unconditionally if it is fixed at a set amount for the period or a method for establishing the rental charges is established. *Renewals or extensions at the option of the lessee at fair rental value at the time of the renewal or extension are not included in determining the term of a lease.*

61 Pa. Code § 91.193(b)(24)(v) (emphasis added). The parties in this matter disagree as to whether the regulation, particularly the last sentence, should be interpreted to exclude the renewal period from the term of the Ground Lease for purposes of determining whether the term of the Ground Lease is 30 or more years,

---

[6] Act of March 4, 1971, P.L. 6, added by the Act of July 2, 1986, P.L. 318.

because the rental charge for a renewal period would be based on the fair market value.

When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa. C.S. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa. Cmwlth.), *appeal denied*, 685 A.2d 547 (Pa. 1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa. C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 842 A.2d at 400. It is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa. C.S. § 1922(1). The rules of statutory construction further provide that whenever a general provision and a special provision in the same statute conflict, "the special provisions shall prevail and shall be construed as an exception to the general provision." 1 Pa. C.S. § 1933. Finally, "whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail."

6

1 Pa. C.S. § 1934. Pennsylvania's rules of statutory construction apply not only to statutes but also to portions of the Pennsylvania Code, including regulations pertaining to the realty transfer tax. *See* 1 Pa. C.S. § 1502; 1 Pa. Code § 1.7.

With regard to Taxpayers' argument that the realty transfer tax regulation prohibits the Commonwealth from including the renewal terms at fair market value in the term of a lease for purposes of determining whether the lease is for a period of 30 or more years, Taxpayers contend that the Board ignores the final sentence of the regulation that "[r]enewals or extensions at the option of the lessee at fair rental value at the time of the renewal or extension are not included in determining the term of a lease." 61 Pa. Code § 91.193(b)(24)(v). Rather, Taxpayers contend that the Board imposed the realty transfer tax based upon the first two sentences of the regulation, thereby ignoring what they refer to as the "exception for renewal options at fair market value," purportedly contained in the final sentence of the regulation. (Taxpayers' Br. at 8.) Taxpayers maintain that the renewal options in the Ground Lease "are at the option of the lessee at fair market value rent determined at the time of the extension—the exact circumstances in which the [realty t]ransfer [t]ax regulation exclude[s] renewal options [when] determining the term of a lease." (*Id.*) Taxpayers characterize the final sentence of the regulation as a "special provision" that functions as an "exception" to the more general provision that a renewal option is deemed exercised if the parties "cannot renegotiate [the] rental charge unconditionally" or "a method for establishing the rental charge[] is established." *See* 61 Pa. Code § 91.193(b)(24)(v). Furthermore, Taxpayers assert that, pursuant to the rules of statutory construction, the final sentence must prevail over the preceding two sentences, which Taxpayers suggest are irreconcilable. Focusing on the last sentence of the regulation, Taxpayers

7

maintain that the lease renewal options at fair market value rent are excluded from the determination of the term of the Ground Lease. Thus, according to Taxpayers, the Ground Lease consists of a term of 29 years and 11 months, which is less than the 30-year threshold for imposition of the realty transfer tax. As a result, they contend that the Board erred as a matter of law when it denied Taxpayers' refund appeal and sustained the Commonwealth's imposition of the realty transfer tax.

The Commonwealth counters that the Ground Lease establishes a method for calculating the rental charge for the renewal period, such that the renewal period must be included in the term of the Ground Lease, resulting in a total lease term in excess of 30 years. The Commonwealth takes the position that "[t]he Ground Lease contains a *comprehensive*, *systematic*, and *binding* method for calculating the rental charge for the extension period." (Commonwealth's Br. at 10 (emphasis in original).) Thus, the Commonwealth contends that the renewal period must be included in the total term of the Ground Lease. The Commonwealth disputes Taxpayers' characterization that the rental charge for the renewal periods is based on fair market value rent determined at the time of the renewal, because Taxpayers "negotiated [a] *detailed*, *orderly*, and *binding* method for calculating the rental charge" for the renewal period *prior to* execution of the Ground Lease. (*Id.* (emphasis in original).) Thus, the Commonwealth maintains that Taxpayers cannot renegotiate a rental charge for the renewal period unconditionally at the time of the extension, and Taxpayers' use of the phrase "fair market value rent" in the Ground Lease does not preclude the imposition of realty transfer tax in this matter.

The Commonwealth cites Article 32 of the Ground Lease, governing the renewal provisions, and observes that the rental charge for the renewal period

is not stated in the Ground Lease in terms of a "fixed" dollar amount. Rather, the Ground Lease contains what the Commonwealth refers to as a "method" for calculating the rental charge, which the Commonwealth summarizes as involving numerous potential steps to arrive at fair market value. Specifically, Article 32 of the Ground Lease first requires Techspec to provide written notice to Saturday Family LP of its intention to exercise the renewal option to extend the term of the Ground Lease. Taxpayers thereafter must examine the rent payable for similar properties in Westmoreland County to attempt to arrive at a rental value agreeable to both. If they are unable to agree on the rental value for a renewal period based on similar properties, then Techspec will serve notice on Saturday Family LP that it will appoint an appraiser. Saturday Family LP must then appoint an appraiser and notify Techspec. If Saturday Family LP fails to do so, then an appraiser will be chosen for Saturday Family LP pursuant to provisions in Article 32 relating to appointment of a third appraiser. If the two appraisers are unable to agree on the rental value, Article 32 includes provisions for the appointment of a third appraiser by agreement of the two appraisers or by requesting that the American Arbitration Association (AAA) appoint a third appraiser. If the two appraisers are unable to agree on a third appraiser and AAA fails to timely appoint a third appraiser, then either Saturday Family LP or Techspec may petition the Court of Common Pleas of Westmoreland County for appropriate legal or equitable relief. Moreover, the appraisers referred to above must meet certain qualifications, and 10, 15, and 30-day time periods for action are interspersed throughout Article 32.

The Commonwealth also points to other provisions of the Ground Lease, which it believes further evidences that the Ground Lease contains a comprehensive, systematic, and binding method for calculating the rental charge

9

for a renewal period. For example, the Commonwealth notes that the Ground Lease provides that "[t]he decision of any two of the appraisers so designated shall be *conclusive* and *binding* upon the parties.'" (Ground Lease, Stip. at Ex. "A," page 19) (emphasis added).) The Ground Lease specifies that the proceedings of the appraisers shall be conducted pursuant to AAA rules. (*Id.*) It also provides that the notice of election to extend the term of the Ground Lease shall automatically extend the term without further writing and that all terms and conditions, excluding the amount of rent, shall remain in full force and effect. (*Id.* at 18-19.)

The Commonwealth disputes Taxpayers' position on several points. Specifically, the Commonwealth disputes Taxpayers' characterization of the rental charge for the renewal period as being determined at the time of the renewal, because the Ground Lease already sets forth the method for determining the rental charge for a renewal period. The Commonwealth contends that Taxpayers' analysis completely ignores Section 1103-C.1 of the Tax Code and relies solely on the last sentence of the regulation. Moreover, the Commonwealth argues that there is no basis for Taxpayers' contention that the last sentence of the regulation is an "exception" to the first two sentences of 61 Pa. Code § 91.193(b)(24)(v), as it does not use the words or phrases "exception," "except as," or "unless," which are generally used to signal an exception to a general rule. Moreover, the Commonwealth contends that the rules of statutory construction support the Commonwealth's position and not Taxpayers' position. While not agreeing to Taxpayers' characterization of the regulation as including both general and special provisions, the Commonwealth notes that "[i]t is only where the conflict between the provisions is irreconcilable that the specific provision prevails over the

10

general." *Hamilton v. Unionville-Chadds Ford Sch. Dist.*, 714 A.2d 1012, 1014 (Pa. 1988). The Commonwealth maintains that the provisions of the regulation are not irreconcilable. The Commonwealth also argues that its interpretation of its own regulation is entitled to deference.

Our review of the regulation set forth at 61 Pa. Code § 91.193(b)(24)(v) reveals that its provisions are clear. The first sentence sets forth a presumption that a right or option to renew a lease will be exercised if the parties to the lease "cannot renegotiate the rental charges . . . unconditionally." 61 Pa. Code § 91.193(b)(24)(v). The second sentence explains the meaning of the phrase "cannot renegotiate the rental charges unconditionally" by using language similar to that found in Section 1103-C.1 of the Tax Code. *Id.* The second sentence provides that parties to a lease "cannot renegotiate a rental charge unconditionally if it is fixed at a set amount for the period or a method for establishing the rental charges is established." *Id.* The critical third sentence explains in clear language that if the rental charge is based upon the "fair rental value at the time of the renewal or extension," the extension period is not included in the total lease term. *Id.* These provisions operate concurrently and are not internally inconsistent, because the first two sentences essentially provide that if the parties set forth a method for establishing the rental charge for the renewal period, then they cannot renegotiate the rental charge unconditionally at the time of the renewal and the renewal period is included in determining the total lease term. The third sentence clarifies how a renewal term in a lease is to be treated if the lease provides that the rental charge for the renewal period shall be based upon the fair market value rent at the time of the renewal.

11

By interpreting the regulation set forth at 61 Pa. Code § 91.193(b)(24)(v) in this manner, we are able to give effect to all of its provisions in accordance with Section 1921(a) of the Statutory Construction Act of 1972. *See Highway News, Inc. v. Pa. Dep't of Transp.*, 789 A.2d 802, 808 (Pa. Cmwlth. 2002) (declaring that "[e]very regulation should be construed, if possible, to give effect to all of its provisions, and each word in a regulation is to be given meaning and not treated as surplusage."). This interpretation is also consistent with Section 1932(b) of the Statutory Construction Act of 1972, which provides, in part, that "[s]tatutes in pari materia shall be construed together, if possible, as one statute."

Furthermore, we reject the Commonwealth's argument that it is entitled to deference as to the interpretation of its regulation set forth at 61 Pa. Code § 91.193(b)(24)(v). While we agree with the Commonwealth that promulgation of the regulation was well within the Department's broad legislative rule-making power and that the regulation "enjoy[s] a general presumption of reasonableness,"[7] we are not being asked to evaluate the reasonableness of the regulation. To the contrary, the Court is being asked to interpret the meaning of the regulation. While an administrative agency may be given great deference in the interpretation and application of its own regulations,[8] the interpretation is not controlling where it "is clearly erroneous or inconsistent with the regulation" or

---

[7] *See Barbour v. Mun. Police Officers' Educ. & Training Comm'n*, 52 A.3d 392, 406 (Pa. Cmwlth. 2012) (quoting *Borough of Pottstown v. Pa. Mun. Ret. Bd.*, 712 A.2d 741, 743 (Pa. 1998)).

[8] *See, e.g., Martin Media v. Dep't of Transp.*, 700 A.2d 563, 566 (Pa. Cmwlth. 1997), *appeal denied*, 725 A.2d 184 (Pa. 1988).

"the regulation, itself, is inconsistent with the underlying legislative scheme." *Pa. State Police, Bureau of Liquor Control Enforcement v. Benny Enterprises, Inc.*, 669 A.2d 1018, 1021 (Pa. Cmwlth. 1995), *appeal denied*, 681 A.2d 1344 (Pa. 1996). Here, as discussed above, the Department's interpretation is at odds with the clear language of the regulation itself, and, therefore, the Department's interpretation is not entitled to deference.

Interpreting the regulation as set forth above, we conclude that the term of the renewal periods under the Ground Lease may not be included in the total term of the lease, because the Ground Lease expressly provides that the rental charge for a renewal period shall be the fair market value rent at the time of renewal. Pursuant to 61 Pa. Code § 91.193(b)(24)(v), renewal periods based upon fair market value rent are not included in the total lease term. The mere fact that the Ground Lease establishes a mechanism for determining the fair market value rent in the event that Taxpayers cannot agree on a fair market value rent does not alter the salient fact that the Ground Lease provides that renewal periods shall be at fair market value rent. As a result, the Ground Lease is for a term of 29 years and 11 months, which is less than the 30 years required to subject the lease to the realty transfer tax.[9]

---

[9] As the Court agrees with Taxpayers' interpretation of the regulation set forth at 61 Pa. Code § 91.193(24)(b)(v), we need not consider Taxpayers' contention that the Department previously provided draft amendments to the Pennsylvania Institute of Certified Public Accountants that included a provision that if the parties to the lease agree to use a rental charge determined by an appraisal, then the renewal provision would be included in the term of the lease for purposes of realty transfer tax. Taxpayers argue that had the current regulation provided for such a scenario then there would have been no need for the Department to attempt to add this language.

13

Accordingly, we reverse the order of the Board.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Saturday Family LP,
                Petitioner

       v.

Commonwealth of Pennsylvania,
                Respondent

Techspec Inc.,
                Petitioner

       v.

Commonwealth of Pennsylvania,
                Respondent

:
:
:
:
:   No. 781 F.R. 2013
:
:
:
:
:
:
:
:   No. 782 F.R. 2013
:
:
:

# **O R D E R**

AND NOW, this 17th day of October, 2016, the order of the Board of Finance and Revenue is REVERSED. Unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order shall become final.

_____
P. KEVIN BROBSON, Judge