578 A.2d 568

**James McCULLOUGH, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided July 18, 1990.

Lewis Kates, Kates & Mazzocone, Philadelphia, for petitioner.

William J. Cressler, Asst. Chief Counsel, with him, John L. Heaton, Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

James McCullough appeals an order of the Board of Property (Board) which granted the motion of the Department of Transportation (Department) to dismiss McCullough's action to quiet title.

This case arose from the Department's condemnation and acquisition on October 23, 1970 of a highway easement over property owned by McCullough's predecessor in title located at 223–25 North 16th Street, Philadelphia, for the pur-

pose of constructing a clover leaf interchange on a limited access highway known as the Vine Street Expressway. The Department subsequently filed a second declaration of taking, on July 25, 1984, and acquired the underlying fee.

McCullough filed this action to quiet title in the Court of Common Pleas of Philadelphia on February 3, 1987, alleging that as of December 31, 1983, seven months prior to the Department's filing of the declaration of taking to acquire the underlying fee interest, the Department had abandoned the purpose for which it had condemned the easement and therefore the Department's easement interest in the property "reverted back to McCullough" prior to the condemnation of the underlying fee. The Department filed preliminary objections to the quiet title action alleging that the common pleas court lacked jurisdiction. The common pleas court sustained the Department's preliminary objections and transferred the case to the Commonwealth Court, whereupon this Court, by order dated May 17, 1988, transferred it to the Board, the body having jurisdiction. 116 Pa.Cmwlth. 215, 541 A.2d 430.

The Department filed a motion to dismiss with the Board on the basis that McCullough never alleged that the Department formally vacated the highway easement as required by Section 210 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670–210. The Board, *inter alia*, found as fact that McCullough never alleged that the Department formally vacated its highway easement and that McCullough presented no evidence to establish that the issue of abandonment or vacation of the easement was raised by McCullough's predecessor in interest. It also found as fact that the legal issues with respect to abandonment raised in the present action were the identical issues that were raised in *Miller v. Department of Transportation*, 91 Pa.Commonwealth Ct. 622, 498 A.2d 1370 (1985) and in *Bernstein Appeal*, 112 Pa.Commonwealth Ct. 368, 535 A.2d 1210 (1988). The Board concluded

that the issue of abandonment should have been raised by the condemnee McCullough or his predecessor in interest[1] by preliminary objection to the declaration of taking in 1984, and that failure to have done so constituted a waiver of the issue. It also concluded that based upon *Miller* and *Bernstein Appeal*, it was necessary to dismiss McCullough's action to quiet title, and concluded that as a matter of law, the action to quiet title failed to state a claim upon which relief could be granted.

1. It has never been adequately explained by McCullough what specific interest he had in the property or when and how he came by that interest. In his initial complaint in the quiet title action filed in the Common Pleas Court of Philadelphia, he alleged that he was bringing the action "as an equitable owner of the premises ... as the successor in interest and assigned of one Allen R. Howard, Jr." He repeated these same allegations in paragraph 2 of his answer to the Department's petition to remove the suit to the Board of Property filed with this Court. But, he then further alleged in the latter pleading that *Howard* was the "registered unencumbered fee owner" *both* at the time of the first condemnation of the highway easement (October 23, 1970) *and* at the time of the second condemnation of the underlying fee (July 25, 1984). He then, however, asserted in paragraph 2(e), without any further explanation, the bald conclusion: "at all times when Howard was the said registered Owner of Premises, the real party in interest was, and is James McCullough." Finally, in paragraph 4 of the same pleading, McCullough seemingly contradicts himself by asserting the following allegations:

 4. Denied as stated. On the contrary, it is averred that:
 
 a. At the time PennDOT commenced the Second Taking, James McCullough was the owner of an unencumbered fee to Premises and had been the owner of an unencumbered fee from and since the time, at least as early as December 31, 1983, when [the Department] had abandoned the easement for highway purposes it had obtained in First Taking.
 
 b. By Declaration of taking filed July 25, 1984, in the Court of Common Pleas of Philadelphia County and docketed in that Court as of its July Term, 1984, No. 4038 (Second Taking), [the Department] condemned the fee then owned by James McCullough in Premises.
 
 c. Inasmuch as James McCullough owned an unencumbered fee in Premises, [the Department's] condemnation in Second Taking was of that interest.
 
 At oral argument when pressed for an answer as to the specifics of McCullough's interest in the property, counsel proffered the explanation that the property was purchased in 1948 by the partnership of McCullough & Howard Co., that the partnership ceased to exist "in the late 70's" after the condemnation of the highway easement but *before* the declaration of taking of the underlying fee and that McCullough was personally served with the notice of that second condemnation.

 McCullough first argues on appeal that a condemnee may assert a de facto abandonment by the Department despite the statutory prescription that the Commonwealth may abandon an easement only by its own election and by formally vacating the easement. The Department, on the other hand, argues that according to our decision in *Miller*, a formal vacation of a state highway easement is necessary to abandon the easement, and that since the Department never formally vacated the property, there was no abandonment.

We hold that *Miller* is directly on point and controlling. The *Miller* case involved the condemnation of an easement and the subsequent filing of a declaration of taking for the underlying fee simple interest in property in Philadelphia for the purpose of constructing the same Vine Street Expressway. In *Miller* we held, *inter alia*, that the Department did not abandon the property because it never formally vacated the property and that the Department had the authority to condemn the underlying fee simple interest.

In *Miller*, we set forth the law with regard to the abandonment of property by the Department:

In order for an abandonment to have occurred, there must be an intention to abandon, together with external acts by which that intention is carried into effect. *Lacy v. East Broad Top Railroad & Coal Co.*, 168 Pa.Superior. 351, 77 A.2d 706 (1951). Mere non-use of the right of way, though continued for a long period of years, does not amount to an abandonment. *Lenhart v. Wright*, 286 Pa. 351, 133 A. 495 (1926); *Lacy*. *For purposes of a highway easement, the 'external act' of abandonment is the formal vacation of the easement in the manner required by law. Breisch v. Locust Mountain Coal Co.*, 267 Pa. 546, 110 A. 242 (1920). See Section 210 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 6707–210.

91 Pa.Commonwealth Ct. at 629, 498 A.2d at 1374 (emphasis added).

As was the situation with the condemnee in *Miller*, McCullough never alleged in his pleadings that the Department formally vacated the property. His complaint contained the following language:

5. By Declaration of Taking filed in [the Court of Common Pleas] on October 23, 1970, [the Department] was authorized to and did, as regards Premises "condemn an easement for highway purposes"; specifically to construct Section 9A of a then proposed limited access highway known as the Vine Street Expressway according to a certain Plan approved by the Governor.

6. On or before December 31, 1983, [the Department] had abandoned the purpose for which it had condemned Premises and no longer had need for an easement for highway purposes over Premises.

7. From October 23, 1970, and continuing to the present no person or entity other than [McCullough], including but not limited to [the Department] acquired or obtained any further interest in Premises other than as averred above.

Nowhere in his complaint has McCullough alleged that the Department had the requisite *intent* to abandon or that the Department performed the *external act* of abandonment by formally vacating the property in the manner required by law. The law posited by *Miller* is clear. We, therefore, find no abandonment by the Department of the subject property.

McCullough next contends that a quiet title action, such as the one he has filed, is the proper vehicle for determining whether the Commonwealth abandoned its easement. He further contends that the Board committed error when it held that McCullough waived his right to assert that the Department abandoned its easement when neither he nor his "predecessor in title" raised the issue in preliminary objections to the declaration of taking filed by the Department to effect the taking of the underlying fee to the subject property in 1984.

.

In *Bernstein Appeal,* we held that the failure to raise the issue of abandonment by preliminary objection to the declaration of taking constituted a waiver of that issue pursuant to Section 406(a) of the Eminent Domain Code (Code),[2] 26 P.S. § 1–406(a). Section 406(a) provides in pertinent part:

> Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking.... Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. *Failure to raise these matters by preliminary objections shall constitute a waiver thereof.*

McCullough contends that the Department abandoned the subject property on December 31, 1983 and that the Declaration of Taking was filed on July 25, 1984. Under Section 1–406(a), the limited means of challenging the Department's rights to the property is by preliminary objections. Furthermore, pursuant to Section 507(a) of the Code, 26 P.S. § 1–507(a),

> [t]he claims of all the owners of the condemned property, including joint tenants, tenants in common, life tenants, remaindermen, owners of easements, or ground rents, and all others having an interest in the property, and the claims of all tenants, if any, of the property, shall be heard or tried together....

Since neither McCullough nor his "predecessor in interest" filed preliminary objections within thirty days after being served with notice of the condemnation, the issue is now waived pursuant to Section 1–406(a) of the Code. Assuming arguendo that the Department was required to

2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 to 1–903.

condemn an interest in the property greater than the underlying fee, based upon the further assumption that the easement was abandoned as of December 1983, then McCullough or whoever owned the reversionary interest of the easement[3] was bound to assert it in that action. *See Bernstein Appeal.* McCullough may not now claim entitlement to rights under a new theory by virtue of a quiet title action when those rights, even if they existed, had already been extinguished by waiver.

McCullough finally contends that the Board's grant of the Department's motion to dismiss was a procedural error because the Department should have raised all defenses and objections by preliminary objection under Pa.R.C.P. No. 1017, or in the alternative, should have raised all affirmative defenses by new matter pursuant to Pa.R.C.P. No. 1030. The Department, on the other hand, argues that proceedings before the Board of Property are governed by the General Rules of Administrative Practice and Procedure rather than by the Pennsylvania Rules of Civil Procedure and that its filing of a motion to dismiss was the proper procedural step.

Section 31.1 of Title 1 of the Pennsylvania Code provides the scope of the General Rules of Administrative Practice and Procedure. That section states:

(a) This part governs the practice and procedure before *agencies of the Commonwealth* except as otherwise provided in this section.

(b) This part is not applicable to a proceeding before an agency to the extent that the applicable statute governing or authorizing the proceeding sets forth inconsistent rules on the same subject.

(c) This part is not applicable to a proceeding before an agency to the extent that the agency has promulgated inconsistent regulations on the same subject.

**3.** *See supra* n. 1.

Section 31.3 includes in its definition of "agency," a "departmental administrative board or commission."

The Board of Property is a departmental administrative board [4] of the Department of Community Affairs. The Department of Community Affairs has not adopted inconsistent rules or regulations nor has the Department of Community Affairs adopted the Pennsylvania Rules of Civil Procedure. Thus, with regard to quiet title actions before the Board of Property, the Rules of Administrative Practice and Procedure apply. According to 1 Pa.Code § 35.54, "a respondent may also file with his answer a motion to dismiss a complaint because of lack of legal sufficiency appearing on the face of the complaint." Thus, it was proper for the Department to have filed a motion to dismiss and it was not error for the Board to have granted the motion.

Affirmed.

## ORDER

NOW, July 18, 1990, the order of the Board of Property in the above-captioned matter is affirmed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.

---

4. See Section 202 of The Administrative Code of 1929, the Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 62.