Sarah O'Layer McCready,      :
     :
     Petitioner      :
     :
     v.      : No. 778 C.D. 2018
     : Argued: February 14, 2019
     :
Department of Community      :
and Economic Development,      :
     :
     Respondent      :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION BY JUDGE WOJCIK             FILED: March 5, 2019


      Sarah O'Layer McCready (McCready) petitions for review of the Final Adjudication and Order of the State Board of Property (Board) of the Department of Community and Economic Development (Department)[1] denying her motion for summary judgment; granting the cross-motion for summary judgment of the Pennsylvania Turnpike Commission (Commission); entering judgment in the Commission's favor; and dismissing her complaint to quiet title. We affirm.

      In 1978, McCready and her husband were conveyed title to a parcel of property in New Beaver Borough, Lawrence County, and Big Beaver Borough,

---

[1] The Board is a departmental administrative board of the Department. Sections 202 and 901 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§62, 1709.901; *McCullough v. Department of Transportation*, 578 A.2d 568, 571-72 (Pa. Cmwlth. 1990).

Beaver County. McCready became the sole owner of the property upon the death of her husband in 1983. On March 2, 1990, McCready conveyed title to a portion of the property in Lawrence County to the Commission by deed in lieu of condemnation[2] for the construction of an extension of Highway 376, known as the

---

[2] The Commission's authority to obtain title to McCready's real property was found in the former Section 7(a)(6) of the Turnpike Organization, Extension and Toll Road Conversion Act (Turnpike Act), Act of September 30, 1985, P.L. 240, 36 P.S. §651.7, repealed and replaced by Section 8107(a)(6) of the Turnpike Act, 74 Pa. C.S. §8107(a)(6), which states, in pertinent part, that "[t]he commission may . . . [a]cquire, hold, accept, own, use, hire, lease, exchange, operate and dispose of . . . real property and interests in real property and make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this chapter . . . ." *See also* Section 1 of the Pennsylvania Turnpike Commission Act (Commission Act), Act of May 21, 1937, P.L. 774, *as amended*, 36 P.S. §652d, repealed insofar as inconsistent with the Turnpike Act ("The commission . . . shall have power and authority to acquire, own, use, hire, lease, operate and dispose of . . . real property and interests in real property, and to make and enter into all contracts and agreements necessary or incidental to the performance of its duties in the execution of its powers under this act . . . ."); Section 5 of the Commission Act, 36 P.S. §652e ("The commission . . . is hereby authorized and empowered to acquire by purchase, whenever it shall deem such purchase expedient, . . . interests in lands, as it may deem necessary for the construction and operation of the turnpike, upon such terms and at such price as may be considered by it to be reasonable and can be agreed upon between the commission and the owner thereof, and to take title thereon in the name of the commission.").

In turn, at the time of the conveyance in this case, the Commission's authority to condemn and purchase property was found in the former Section 9(a) and (b) of the Turnpike Act, 36 P.S. §651.9(a), (b), repealed and replaced by Section 8109(a), (b)(1) of the Turnpike Act, 74 Pa. C.S. §8109(a), (b)(1), which states, in relevant part:

> **(a) Condemnation.**—The commission may condemn, pursuant to 26 Pa. C.S. (relating to eminent domain), any lands, interests in lands, property rights, rights-of-way, franchises, easements and other property deemed necessary or convenient for the construction and efficient operation of the turnpikes and the toll road conversions . . . .
>
> **(b) Purchase.**—

**(Footnote continued on next page…)**

"Beaver Valley Expressway" for the payment of $50,000.00. In relevant part, the deed states that McCready conveyed the following to the Commission:

> [McCready] for and in consideration of the sum of ONE DOLLAR ($1.00) AND OTHER GOOD AND VALUABLE CONSIDERATION, . . . unto them well and truly paid by the [Commission] at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained and sold, released and confirmed, and by these presents do grant, bargain and sell, release and confirm unto the [Commission], its successors and assigns,
>
> * * *
>
> All that certain tract or parcel of land situate in New Beaver Borough, Lawrence County, and in Big Beaver Borough, Beaver County, being bound and described according to [Commission] Plan No. R/W 11102 . . . .
>
> * * *
>
> Containing 28.527 acres.
>
> * * *
>
> Together with all and singular the improvements, ways, streets, alleys, roads, lanes, passages, (public or private),

---

**(continued…)**

> (1) The commission may acquire by purchase, whenever it shall deem the purchase expedient, . . . any lands, interests in lands, property rights, rights-of-way, franchises, easements and other property deemed necessary or convenient for the construction and efficient operation of the turnpikes and toll road conversions . . . upon terms and at a price as may be considered by the commission to be reasonable and can be agreed upon between the commission and the owner thereof and to take title thereto in the name of the commission.

3

waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging or in anywise appertaining thereto and the reversions and remainders, rents, issues, and profits thereof ***and all the estate, right, title, interests, property, claim and demand whatsoever of [McCready], as well at law as in equity, of, in and to the same.***

To have and to hold the said lot or piece of ground above described, the hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the [Commission], its successors and assigns, to and for the only proper use and behoof of the [Commission], its successors and assigns forever.

And [McCready] for [her] heirs, executors, administrators, successors and assigns, do hereby release, quitclaim and forever discharge the [Commission], its successors and assigns of and from any and all actions, rights-of-action, suits demands, claims and damages of every type or character whatsoever which in law or equity [McCready] ever had, now have or may hereafter have for or by reason of the construction, operation and maintenance of the Pennsylvania Turnpike through or upon the land herein conveyed and any incidental or consequential damage to any remaining portion of the lands of [McCready] of which the herein conveyed land may form a part or parcel.

And [McCready], [her] heirs, executors, administrators, successors and assigns do covenant and agree to and with the [Commission], its successors and assigns, by these presents that [McCready] and [her] heirs, executors, administrators, successors, and assigns all and singular the hereditaments and premises hereby granted or mentioned and intended to be, with the appurtenances unto the [Commission], its successors and assigns against them, [McCready] and [her] heirs, executors, administrators, successors, and assigns and against all and every person and persons whomever lawfully claiming or to claim the same or any part thereof shall and will WARRANT AND FOREVER DEFEND.

4

This Deed is being granted in lieu of condemnation.

Reproduced Record (R.R.) at 12a-13a (emphasis added).

In February 2012, McCready filed a complaint in the Lawrence County Common Pleas Court (trial court) to quiet title to the mineral estate in the land conveyed to the Commission in 1990. McCready alleged that although the deed conveying title to the Commission did not expressly reserve any mineral interest, she believed that it would only convey an interest in the surface rights to the Commission. R.R. at 6a-7a. She asserted that the land was conveyed in anticipation of condemnation by the Commission and that the Commission was not required to own the mineral rights "in order to 'perform its duties' or 'execute its powers' with regard to the 'construction, operation, or maintenance of the turnpike.'" *Id.* at 7a. She claimed that she did not intend to transfer any greater interest in the property than the Commission "was authorized to acquire or would have otherwise been entitled to take by eminent domain," and that the consideration paid by the Commission only reflected the value of the surface rights in the property and did not adequately compensate her for value of the minerals below the surface. *Id.* at 7a-8a.

As a result, McCready asked the trial court to: (1) create a separate interest in the minerals below the surface of the property; (2) declare that she is the owner of all of the minerals below the surface of the property; (3) declare that the deed is reformed; (4) direct the Commission to execute a deed conveying all interest in the minerals below the surface of the property; (5) direct the Lawrence County Recorder of Deeds to accept for recording a copy of the court's order; and (6) such other relief as the court deemed proper. R.R. at 9a.

The Commission filed an answer to the complaint denying, *inter alia*, that McCready believed that the deed only conveyed an interest in the surface

rights of the property; that the acquisition of mineral rights is not necessary to perform its duties with respect "to the 'construction, operation or maintenance of the turnpike;'" and that the consideration paid reflected only the value of the surface rights and not the mineral rights in the property. R.R. at 18a-19a.

In 2014, McCready and the Commission filed cross-motions for summary judgment. The Commission asserted that the deed conveying the property is an unambiguous written document that speaks for itself, that it is irrelevant what McCready believed at the time that she executed the deed, and that she has no interest in the property. *See* R.R. at 26a-27a. McCready argued that the Commission lacked the authority to acquire a fee simple interest in the property, including the mineral rights, through its eminent domain powers so that the deed in lieu of condemnation conveying such an interest is a nullity. *See id.* at 44a-47a.

Following oral argument on the cross-motions, the trial court ordered an evidentiary hearing to determine whether the Commission's acquisition of the property in fee simple was excessive. R.R. at 106a-107a. At the hearing,[3] McCready presented August Arnold, a former construction engineer for the Pennsylvania Department of Transportation, who testified that the Commission did not need to own or control the mineral formations under the surface for the stability of a highway to construct, maintain, or operate the highway over the property. *Id.* at 163a-165a. He also stated that in 1990, at the time of conveyance, technology only permitted vertical drilling for oil and gas and not horizontal. *Id.* at 170a-172a, 174a.

---

[3] Prior to the evidentiary hearing, the judge recused himself and was replaced by another judge of the trial court.

6

McCready also presented Dan Billman, a consulting geologist, who testified that he was not aware of drilling beneath a highway prior to 2004. R.R. at 197a-198a. He stated that the owner of a surface estate does not have any reasonable need to own or control the mineral formations below 1,000 feet to protect vertical or lateral support for the surface and that fracking, or hydraulic fracturing, does not cause any measurable geological impact on the surface of the land. *Id.* at 206a-207a.

The Commission presented Samuel Lobins, district manager for the Department of Environmental Protection's oil and gas program, who testified that in 1990, the one permit application for a vertical well in Lawrence County was granted. R.R. at 229a, 231a. He stated that he was not aware of a permit being issued for a wellhead within the turnpike's right-of-way and raised safety as a concern. *Id.* at 232a.

The Commission also presented Kenneth Heirendt, the Commission's manager for geotechnical engineering, who testified that it was necessary for the Commission to obtain a fee simple interest in the property to have full control to build, maintain, and operate the turnpike and to prevent others from impeding its safe physical operation. R.R. 243a-244a. He opined that the Commission needs to have full control of the property to prevent other owners of subsurface interests from coming onto the surface for extraction or production of oil and gas. *Id.* at 247a. He stated that due to the technological changes since 2004, while the Commission still needs to control the surface, it is no longer efficient to purchase the subsurface rights, but that it is necessary to have an agreement restricting the surface activities. *Id.* at 249a.

7

On September 20, 2016, the trial court issued an opinion and order disposing of the cross-motions for summary judgment. The trial court rejected McCready's assertion that the deed is ambiguous with respect to the conveyance of mineral rights or that the Commission's acquisition of a fee simple interest was beyond its authority. R.R. at 341a, 348a-349a (citations omitted). As a result, the trial court concluded that the 1990 deed in lieu of condemnation conveyed a fee simple interest in the property to the Commission, and the Commission's taking title to the property in fee simple was a proper exercise of its discretion. *Id.* at 354a. Accordingly, the trial court denied McCready's motion for summary judgment; granted the Commission's cross-motion for summary judgment; and dismissed McCready's complaint. *Id.*

However, on appeal to this Court, we held that the trial court was without jurisdiction to dispose of the action to quiet title and that the Board was the proper tribunal to adjudicate McCready's action. *See McCready v. Pennsylvania Turnpike Commission* (Pa. Cmwlth., No. 1762 C.D. 2016, filed April 26, 2017), slip op. at 8-10. Accordingly, we vacated the trial court's order and remanded the matter to that court to transfer the record to the Board for disposition.

Following remand, the parties agreed that the Board could appropriately dispose of the cross-motions based on the trial court record and the filing of supplemental motions. Initially, the Board rejected McCready's assertion that she intended to convey only the surface rights and not the mineral rights in the property that was conveyed by the deed. The Board explained that "in construing a deed the intent must be gleaned solely from its language," and that "[i]n the absence of fraud, accident or mistake, parol evidence is inadmissible to vary or limit the scope of a deed's express covenants, and the nature and quantity of the

8

interest conveyed must be ascertained by the instrument itself and cannot be orally shown; it is not what the parties may have intended by the language used but what is the meaning of the words." R.R. at 428a (footnote and citations omitted). The Board determined that "[McCready]'s deed is clear on its face: it grants to the Commission the described real estate 'Together with all [. . .] the estate, right, title, interests, property, claim and demand whatsoever of [McCready], [. . .] and without any reservation of mineral rights. This language is not capable of being understood as excluding the mineral rights." *Id.* at 428a-429a.

The Board also rejected McCready's assertion that the deed is ambiguous because the Commission could not condemn the subsurface mineral rights because they were not needed for the construction or operation of its highway system. The Board noted that "no more property may be taken [by eminent domain] than the public use requires – a rule that applies both to the amount of property and the estate or interest to be acquired," but that "[w]here the condemnor has a valid reason to prefer taking in fee simple rather than an easement, the taking is not excessive and not an abuse of discretion." R.R. at 429a-430a (citations and footnote omitted).

The Board explained that McCready "has pointed to no evidence to support a finding that at the time of the condemnation and deed the Commission would have abused its discretion in choosing to acquire the property in fee simple (including both surface and mineral estates), rather than acquiring only the surface estate and not the mineral estate," that McCready's "construction engineer testified that horizontal drilling was not available technology being utilized in 1990," "[a]nd [that] her consulting engineer was not aware of drilling beneath a highway prior to 2004." R.R. at 430a (citations omitted). The Board observed, "[n]or has

9

[McCready] identified any evidence that – in addition to being not necessary – it was not convenient for the Commission to acquire both the surface and mineral estates," and "[w]ithout being able to point to evidence to support her burden of proof, [McCready] cannot identify any genuine issue of material fact to defeat the Commission's motion for summary judgment." *Id.* at 430a-431a.

> Based on the foregoing, the Board concluded:

> In the absence of evidence to show that acquiring the mineral estate would be excessive, an abuse of discretion or otherwise unlawful, reciting merely that the "deed is being granted in lieu of condemnation" without reference to any mineral estate does not make the deed susceptible to an alternate construction that the mineral estate is excepted from the conveyance. Because the language of [McCready]'s deed is not capable of any alternate construction, it is not ambiguous. Therefore, [McCready] may not present parol evidence that she did not intend to convey the mineral estate. Without such evidence, [McCready] cannot overcome the clear language of the deed and cannot prevail on her claim that she did not convey the mineral estate. The Commission is therefore entitled to judgment as a matter of law.

R.R. at 431a. Accordingly, the Board issued the instant Final Adjudication and Order denying McCready's motion for summary judgment; granting the Commission's cross-motion for summary judgment; entering judgment in the Commission's favor; and dismissing McCready's action to quiet title. *Id.* at 432a. McCready then filed the instant petition for review.[4]

---

[4] The Department filed a Notice of Non-Participation in McCready's appeal, but the Commission filed a Brief of Intervenor. This Court's scope of review on appeal requires that we affirm the Board's adjudication in a quiet title action unless the adjudication is in violation of McCready's constitutional rights, or it is not in accordance with the law, or if any of the Board's findings of fact necessary to support its adjudication is not supported by substantial evidence; however, we exercise *de novo* review over questions of law. *Long Run Timber Company v.*
**(Footnote continued on next page…)**

On appeal, McCready claims that the Board erred in considering the conflicting testimony at the trial court evidentiary hearing regarding whether the Commission's purchase of a fee simple estate was excessive and in granting summary judgment based on its finding that the Commission's taking was not excessive or an abuse of discretion. Specifically, McCready contends that the Commission was not statutorily empowered to obtain a fee simple estate because the mineral rights in the property were not necessary or convenient for the Commission's construction or efficient operation of the Turnpike, and that the Board was required to resolve the material questions of fact in McCready's favor as the non-moving party.

However, McCready's reliance on the summary judgment provisions of the Pennsylvania Rules of Civil Procedure as a basis for reversing the Board's Final Adjudication and Order in this matter is misplaced. Pursuant to Section 35.54 of the General Rules of Administrative Practice and Procedure, "[a] respondent may . . . file . . . a motion to dismiss a complaint because of lack of legal sufficiency appearing on the face of the complaint." 1 Pa. Code §35.54. As this Court has stated:

> The [Department] has not adopted inconsistent rules or regulations nor has the [Department] adopted the Pennsylvania Rules of Civil Procedure. Thus, with regard to quiet title actions before the [Board], the Rules of Administrative Practice and Procedure apply. According to 1 Pa. Code §35.54, 'a respondent may also file with his answer a motion to dismiss a complaint

**(continued…)**

*Department of Conservation and Natural Resources*, 145 A.3d 1217, 1226 n.7 (Pa. Cmwlth. 2016).

11

because of lack of legal sufficiency appearing on the face of the complaint.' Thus, it was proper for the Department to have filed a motion to dismiss and it was not error for the Board to have granted the motion.

*McCullough*, 578 A.2d at 572. *See also Malt Beverages Distributors Association v. Pennsylvania Liquor Control Board*, 966 A.2d 1188, 1197-98 (Pa. Cmwlth. 2009) ("[T]he Pennsylvania Rules of Civil Procedure do not apply to proceedings before administrative agencies and commissions.") (citations omitted).

With respect to the merits of the claims raised in McCready's complaint, as the Superior Court has noted:

> In the absence of fraud, accident or mistake, the nature and quantity of the real estate interest conveyed must be ascertained from the deed itself and cannot be shown by parol. When the language of the deed is clear and free from ambiguity, the intent of the parties must be determined from the language of the deed. With respect to unambiguous deeds, a court must ascertain what is the meaning of the words used, not what may have been intended by the parties as shown by parol. To permit a variation of a deed description which is complete and unambiguous on its face, there must be evidence of a mutual mistake which is clear, precise and convincing.

*Pennsylvania Electric Company v. Waltman*, 670 A.2d 1165, 1169 (Pa. Super. 1995) (citations omitted). Thus, the Board was first required to determine whether the deed is ambiguous, and whether it explicitly conveyed a fee simple estate to the Commission or whether McCready explicitly retained the mineral estate.[5]

---

[5] The Superior Court has explained:

> The terms "exception" and "reservation" have been used interchangeably in deeds. *Walker v. Forcey*, [151 A.2d 601, 606 (Pa. 1959)]. A reservation pertains to incorporeal things that do not exist at the time the conveyance is made. *Id. See Lauderbach–Zerby Co. v. Lewis*, [129 A. 83, 84 (Pa. 1925)] (reservation is

**(Footnote continued on next page…)**

12

As outlined above, the deed states, in relevant part, that McCready conveyed the following property to the Commission:

> All that certain tract or parcel of land situate in New Beaver Borough, Lawrence County, and in Big Beaver Borough, Beaver County, being bound and described according to [Commission] Plan No. R/W 11102 . . . .
>
> * * *
>
> Containing 28.527 acres.
>
> * * *

---

**(continued…)**

> creation of a right or interest that did not exist prior to grant). However, even if the term "reservation" is used, if the thing or right reserved is in existence, then the language in fact constitutes an exception. *Walker*, 151 A.2d at 606; *Silvis v. Peoples Natural Gas Co.*, [126 A.2d 706, 708 (Pa. 1956)] (where no new rights are created, language treated as exception). If there is a reservation, it ceases at the death of the grantor, because the thing reserved was not in existence at the time of granting and the thing reserved vests in the grantee. [126 A.2d at 708]. An exception, on the other hand, retains in the grantor the title of the thing excepted. *Id.* Because the exception does not pass with the grant, it demises through the grantor's estate absent other provisions. *Id.* at 709.
>
> Instantly, paragraph 1 speaks to coal, oil, timber, gas and minerals. These are things that are corporeal, and in existence prior to the deed. Paragraph 1 did not create a new right. Therefore, paragraph 1 created an exception. . . . The trial court did not err in concluding that the language of paragraph 1 created an exception, rather than a reservation.

*Ralston v. Ralston*, 55 A.3d 736, 742-43 (Pa. Super. 2012). Additionally, "[t]he intent of the grantor must be disclosed by the words used." *Lauderbach–Zerby Co.*, 129 A. at 84.

13

> Together with all and singular the improvements, ways, streets, alleys, roads, lanes, passages, (public or private), waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging or in anywise appertaining thereto and the reversions and remainders, rents, issues, and profits thereof ***and all the estate, right, title, interests, property, claim and demand whatsoever of [McCready], as well at law as in equity, of, in and to the same.***

R.R. at 12a (emphasis added).

As conceded by McCready in her complaint, there is absolutely no retention of the mineral rights by her through an exception or reservation that is stated in the deed. *See* R.R. at 6a-7a, 12a-13a. As a result, in the absence of any additional allegation of mutual mistake in the complaint by McCready, she may not alter the express and unambiguous deed provisions through parol evidence regarding her intent with respect to the deed. *Pennsylvania Electric Company*.

Moreover, with respect to McCready's assertion that the conveyance of a fee simple interest to the Commission was excessive and an abuse of discretion, and that the Board erred in its allocation of the burden of proof in this regard, this Court has explained:

> In its review of a decision to condemn property and the extent of the taking, the trial court is limited to determining whether the condemnor is guilty of fraud, bad faith, or has committed an abuse of discretion. *In re Condemnation of Property of Waite*, [641 A.2d 25, 28 (Pa. Cmwlth.), *appeal denied*, 651 A.2d 543 (Pa. 1994)]. The burden of proving that the condemnor has abused its discretion is on the objector or condemnee and the burden is a heavy one. *Id.* In such cases, there is a strong presumption that the condemnor has acted properly. *Id.*

*In re Pennsylvania Turnpike Commission*, 84 A.3d 768, 776 (Pa. Cmwlth. 2014).

14

McCready has failed to allege or demonstrate the requisite fraud, bad faith or abuse of the Commission's discretion[6] in the estate that the Commission purchased from her in 1990 for $50,000.00. Contrary to McCready's bald assertions, the allegations raised in her complaint are that the Commission was only required or authorized to obtain a lesser estate and that it should have paid more for the estate that was purchased. However, there are no allegations regarding the Property's true value in 1990 at the time of the Commission's purchase.

Clearly, the Commission had the authority and discretion to obtain a fee simple estate in the Property at the time of its purchase. *See* 74 Pa. C.S. §8109(b)(1) ("The commission may acquire by purchase, whenever it shall deem the purchase expedient, . . . any lands, interests in lands, [or] property rights . . . deemed necessary or convenient for the construction and efficient operation of the turnpikes and toll road conversions . . . upon terms and at a price as may be considered by the commission to be reasonable . . . ."); Section 5 of the Commission Act, 36 P.S. §652e ("The commission . . . is hereby authorized and empowered to acquire by purchase, whenever it shall deem such purchase expedient, . . . interests in lands, as it may deem necessary for the construction and operation of the turnpike, upon such terms and at such price as may be considered by it to be reasonable . . . .").

Moreover, the reasonableness of the Commission's exercise of discretion in this regard at the time of purchase is supported by the testimony of

_____

[6] An abuse of discretion "is not merely an error of judgment, [but is a] judgment [that is] manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record . . . ." *Mielcuszny et ux. v. Rosol*, 176 A. 236, 237 (Pa. 1934).

Kenneth Heirendt, its manager for geotechnical engineering, who stated that it was necessary for the Commission to obtain a fee simple interest in the property to have full control to build, maintain, and operate the turnpike and to prevent others from impeding its safe physical operation. R.R. 243a-244a. He further opined that the Commission needs to have full control of the property to prevent other owners of subsurface interests from coming onto the surface for extraction or production of oil and gas. *Id.* at 247a. He stated that due to the technological changes since 2004, while the Commission still needs to control the surface, it is no longer efficient to purchase the subsurface rights, but that it is necessary to have an agreement restricting the surface activities. *Id.* at 249a. Thus, the Board's determination that the Commission did not abuse its discretion or exceed its authority in obtaining the Property in fee simple is supported by substantial record evidence and will not be disturbed by this Court on appeal. *See, e.g.*, *In re Condemnation of Property of Waite*, 641 A.2d at 27-28 n.1 ("A finding by the trial court that a condemnor acted in good faith precludes this Court from scrutinizing the wisdom of the condemnor's exercise of its power.") (citation omitted).[7]

Finally, in the absence of any credible evidence that the compensation paid by the Commission for the Property in 1990 was inadequate, we will not disturb the Board's determination that the Commission properly purchased a fee simple estate for $50,000.00. *See, e.g.*, *Fuller v. Lehigh-Northampton Airport Authority*, 172 A.3d 1166, 1171-72 (Pa. Cmwlth. 2017), *appeal denied*, 183 A.3d

---

[7] *See also Department of Transportation v. Brown*, 576 A.2d 75, 77 (Pa. Cmwlth. 1990) ("The Board, as fact-finder, is entitled to accept or reject the testimony of any witness, in whole or in part. If evidence is such that a reasonable mind might accept it as adequate to support the conclusion reached, we are precluded from disturbing the finding even though this Court might have resolved the conflict differently.") (citations omitted).

970 (Pa. 2018) ("As our Supreme Court has stated, a property owner should receive the value of his or her property [under the Eminent Domain Code, 26 Pa. C.S. §§101-1106,] *as nearly as may be to the date of the loss*.") (citation omitted and emphasis in original); *In re Pennsylvania Turnpike Commission*, 84 A.3d at 776 ("In the present case, Condemnees have offered no evidence that the Commission acted fraudulently, in bad faith, or that it abused its discretion. Instead, Condemnees assert that even Schwab, the Commission's engineer, agreed with their engineer, Magalotti, that all work could be done by simply acquiring an easement.").

Accordingly, the Board's order is affirmed.[8]

MICHAEL H. WOJCIK, Judge

---

[8] It is well settled that this Court may affirm the Board's Final Adjudication and Order on other grounds where grounds for affirmance exist. *Miller v. State Employees Retirement System*, 137 A.3d 674, 680 n.6 (Pa. Cmwlth.), *appeal denied*, 160 A.3d 758 (Pa. 2016) (citations omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarah O'Layer McCready,        :
                                              :
                        Petitioner      :
                                              :
                  v.                 :  No. 778 C.D. 2018
                                              :
                                              :
Department of Community     :
and Economic Development,    :
                                              :
                    Respondent  :

## **O R D E R**

AND NOW, this 5th day of <u>March</u>, 2019, the Final Adjudication and Order of the State Board of Property of the Department of Community and Economic Development dated April 20, 2018, is AFFIRMED.

 

_____
MICHAEL H. WOJCIK, Judge
